# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-2870

ERVIN DOMINGO-FELIPE,
PETITIONER

V.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

Appeal from Board of Immigration Appeals
BIA-1: A216-370-963
Immigration Judge: Mary C. Lee

Before: CHAGARES, *Chief Judge,* RESTREPO, and MONTGOMERY-REEVES, *Circuit Judges*
Submitted Pursuant to Third Circuit L.A.R. 34.1(a) June 9, 2026; Decided July 22, 2026

_____

NONPRECEDENTIAL OPINION*

RESTREPO, *Circuit Judge.* Petitioner Ervin Domingo-Felipe petitions for review of the Board of Immigration Appeals' ("BIA") final order of removal. We will deny the petition because the BIA and Immigration Judge ("IJ") properly denied his application for cancellation of removal.

## I.   BACKGROUND

Domingo-Felipe, a native and citizen of Guatemala, entered the United States on June 19, 2007, without inspection. On June 23, 2017, the Department of Homeland Security ("DHS") charged Domingo-Felipe as removable pursuant to Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"). Domingo-Felipe

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

conceded removability and applied for cancellation of removal under INA § 240A(b)(1),[1] arguing that his removal would cause "exceptional and extremely unusual hardship" to his two children.[2]

On January 27, 2021, the IJ denied Domingo-Felipe's application for cancellation of removal, finding that his removal would cause hardship to his children but that the hardship was not "substantially different from, or beyond, that which would normally be expected from the [removal] of [a noncitizen] with close family members here." App. 14 (first alteration in original) (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (BIA 2001)).

On appeal to the BIA, Domingo-Felipe argued that the IJ erred because it did not properly consider the totality of the circumstances, and he demonstrated that his removal would result in "exceptional and extremely unusual hardship" to his children. App. 6. The

---

[1] For cancellation of removal, an applicant must demonstrate: (1) continuous presence in the United States ("U.S.") for no less than 10 years; (2) good moral character for 10 years; (3) no prohibited criminal convictions and; (4) that removal would result in "exceptional and extremely unusual hardship" to a qualifying U.S. citizen ("USC") or Lawful Permanent Resident ("LPR") spouse, parent, or child. 8 U.S.C. § 1229b(b)(1). The IJ found that Domingo-Felipe was eligible under the first three requirements but failed to demonstrate the fourth prong. Accordingly, the IJ did not consider the merits of whether his application warranted an exercise of the court's discretion.

[2] Petitioner's children are USCs and will remain in the U.S. in the event of Domingo-Felipe's removal. The oldest child resides with his mother and Domingo-Felipe does not provide financial support for the child. The youngest child resides with both Domingo-Felipe and his undocumented mother who does not work, and the child receives public assistance in the form of WIC and Medicaid.

BIA dismissed the appeal, finding that the IJ properly considered all record evidence and affirming the IJ's hardship finding.

## II.    STANDARD OF REVIEW[3]

Because the BIA "adopt[ed] the findings of the [IJ] and discusse[d] some of the bases for the [IJ's] decision," we review both decisions. *Saravia v. Att'y Gen.*, 905 F.3d 729, 734 (3d Cir. 2018) (quoting *Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir. 2004)). Our review of the IJ's and the BIA's applications of the "exceptional and extremely unusual hardship" standard is deferential and is governed by the substantial-evidence standard. *Wilkinson v. Att'y Gen.*, 131 F.4th 134, 141–42 (3d Cir. 2025) (courts will uphold hardship determinations "unless any reasonable adjudicator would be compelled to conclude to the contrary").

## III.    DISCUSSION

Domingo-Felipe petitions this Court for review, challenging the IJ's and BIA's hardship determinations and also arguing that the BIA's reference to Mexico as the country of removal undermines the agency's decision.[4]    Applying *Wilkinson*'s deferential

---

[3] The BIA's decision is a final order of removal. *See Pareja v. Att'y Gen.*, 615 F.3d 180, 186–87 (3d Cir. 2010). Accordingly, we have jurisdiction under 8 U.S.C. § 1252(a)(1) to review the order.

[4] The BIA mistakenly noted "if the respondent were removed from the United States to Mexico, we agree with the Immigration Judge that it does not rise to the level of exceptional and extremely unusual hardship". App. 7. However, prior to this mistake, the BIA correctly identified Domingo-Felipe as a "native and citizen of Guatemala" and Guatemala as the country of removal. App. 6.

3

substantial-evidence standard, we find no error with respect to the IJ's and BIA's hardship determinations. 131 F.4th at 140–42.

As the agencies correctly noted, the phrase "exceptional and extremely unusual hardship" requires a showing of hardship that is "substantially beyond the ordinary hardship that would be expected when a close family member leaves this country." *See In re Monreal-Aguinaga*, 23 I. & N. Dec. at 62 (citation modified). As *Wilkinson* explained, this showing need not be "unconscionable, [but] it does limit relief to truly exceptional situations." 131 F.4th at 142 (internal quotation omitted). The record reflects that the IJ considered the children's age and lack of medical conditions as part of a broader, cumulative hardship analysis that also included country conditions, Domingo-Felipe's employment prospects in Guatemala, and the impact of removal on family ties. *See id.* at 140–42 (finding that courts and agencies consider "the ages, health, and circumstances of qualifying relatives" when evaluating hardship (internal quotations omitted)). The BIA adopted the IJ's reasoning and findings, and we agree.

With respect to the BIA's reference to Mexico as the country of removal, we find this error to be harmless. *See Li Hua Yuan v. Att'y Gen.*, 642 F.3d 420, 427 (3d Cir. 2011) (remand is not required where agency error is harmless). When read in the context of the BIA's decision, the reference to "Mexico" does not warrant remand or otherwise undermine the agency's analysis, which previously identified Guatemala as the country of removal, accurately described the procedural posture of the case, and "considered the testimony of the respondent, and all the evidence of record." App. 6–7.

\* \* \* \* \*

4

For the foregoing reasons, we will DENY the petition.